CC: SASP + filer

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAIʻI**

JUN 03 2026

at ___9___ o'clock and __39__ min. ____A____M
Lucy H. Carrillo, Clerk

ERIC RYAN,

        Plaintiff,

v.

KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES OF AMERICA,

        Defendants.

Civil Case No. 1:26-cv-00270-SASP-KJM

**MOTION TO INTERVENE AS OF RIGHT PURSUANT TO**

**FED. R. CIV. P. 24(a)(2) BY PROPOSED INTERVENOR**

**DE MONT KALAI MANAOLE, AND**

**[LODGED] PROPOSED MOTION TO DISMISS**

**PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

**MOTION TO INTERVENE AS OF RIGHT**

**PURSUANT TO FED. R. CIV. P. 24(a)(2)**

**I. INTRODUCTION**

Proposed Intervenor **De Mont Kalai Manaole** ("Manaole" or "Proposed Intervenor"), a trust beneficiary of the Hawaiian Homes Commission Act of 1920 ("HHCA"), respectfully moves this Court pursuant to Federal Rule of Civil Procedure 24(a)(2) for leave to intervene as of right in the above-captioned action. Simultaneously, and as required by Rule 24(c), Proposed Intervenor lodges a **[Proposed] Motion to Dismiss** pursuant to Rules 12(b)(1) and 12(b)(6), which is attached hereto as **Exhibit A** and which will become operative upon the Court's grant of intervention.

This lawsuit, filed by Plaintiff Eric Ryan and backed by the Pacific Legal Foundation, seeks to annihilate the HHCA's 50% native Hawaiian blood-quantum eligibility requirement, which would open 200,000 acres of native Hawaiian trust lands to the general public. If Plaintiff prevails, the most significant federal Indian-trust-style land protection ever enacted for native Hawaiians — 200,000 acres set aside by Congress in 1920 — would be stripped of its core protective purpose.

1

Proposed Intervenor is a native Hawaiian trust beneficiary under the HHCA with a direct, substantial, and legally protectable interest in the continued integrity of that trust. He is not adequately represented by any existing party. He therefore satisfies every requirement for intervention as of right under Rule 24(a)(2), and this motion is timely, having been filed within days of the Complaint.

## II. FACTUAL BACKGROUND

Proposed Intervenor De Mont Kalai Manaole is a United States citizen and resident of Wai'anae, Hawai'i. He is a native Hawaiian person and a trust beneficiary of the Hawaiian Homes Commission Act of 1920, Pub. L. No. 67-34, 42 Stat. 108 (1921), as amended. As a qualifying native Hawaiian beneficiary, Proposed Intervenor holds a legally cognizable interest in the 200,000 acres of Hawaiian Home Lands held in trust by the State of Hawai'i for the benefit of native Hawaiian people.

The HHCA was enacted by Congress in 1920 and took effect in 1921. It defines "native Hawaiian" as "any descendant of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands previous to 1778." Haw. Homes Commission Act, 1920, § 201(a). The Act sets aside approximately 200,000 acres of land for homestead leases available exclusively to qualifying native Hawaiians at a nominal rent of $1 per year for 99-year terms.

Upon Hawai'i's admission to the Union in 1959, Congress transferred title to the HHCA lands to the State of Hawai'i, but expressly conditioned that transfer on the State's continuing obligation to administer the HHCA as state law and prohibited the State from amending or repealing the qualifications of lessees without federal consent. Hawai'i Admission Act, Pub. L. No. 86-3, § 4, 73 Stat. 4 (1959).

Plaintiff Ryan, a resident of Honolulu who does not qualify as a native Hawaiian under the HHCA's 50% blood-quantum definition, applied for a DHHL lease, was rejected solely because he does not meet that requirement, and now seeks to invalidate the blood-quantum requirement on Equal Protection and Due Process grounds. He purports to bring this action as a class action on behalf of all Hawai'i residents 18 or older who lack 50% native Hawaiian blood quantum.

Proposed Intervenor seeks to intervene to protect his trust beneficiary interest in the HHCA lands and to raise threshold jurisdictional and merits defenses — including the frivolousness of this litigation in the face of controlling precedent — that the existing Defendants cannot be expected to raise with the vigor and precision that a directly affected beneficiary can.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides that on a timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical

2

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit applies a four-part test: (1) timeliness; (2) a legally protectable interest; (3) practical impairment; and (4) inadequate representation by existing parties. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). Rule 24 is construed broadly in favor of intervention. *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).

## IV. ARGUMENT

### A. This Motion Is Timely.

This motion is filed within days of the Complaint's filing on June 1, 2026. The case is at its earliest possible stage — no answer has been filed, no scheduling order entered, no discovery commenced, and no substantive motions decided. There is zero prejudice to any existing party. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Timeliness is satisfied beyond question.

### B. Proposed Intervenor Has a Direct, Legally Protectable Interest.

As a trust beneficiary of the HHCA, Proposed Intervenor holds a legally cognizable property interest in the continued integrity of the Hawaiian Home Lands trust. The very object of this litigation is to eliminate the blood-quantum eligibility requirement that defines who is a trust beneficiary. A judgment in Plaintiff's favor would open the trust lands to the general public and destroy the exclusive character of the trust interest Congress created for native Hawaiian beneficiaries. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995) (property and trust interests satisfy Rule 24(a)(2)).

### C. Disposition May Practically Impair Proposed Intervenor's Interest.

If Plaintiff obtains the declaratory and injunctive relief he seeks, the HHCA eligibility framework will be dismantled and res judicata will foreclose relitigation of the constitutional questions. The impairment is not speculative — it is the direct intended consequence of the requested relief. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (impairment requirement is "minimal").

### D. Existing Parties Do Not Adequately Represent Proposed Intervenor's Interests.

The burden of showing inadequate representation is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). None of the existing Defendants is an HHCA trust beneficiary. Government officials are constrained by litigation strategy, political considerations, and budgetary limitations that do not reflect the interests of trust

3

beneficiaries. They may decline to raise the full range of available defenses — including the threshold standing and frivolousness arguments Proposed Intervenor advances — and may be susceptible to consent decrees or settlements that compromise the HHCA's integrity. *Sagebrush Rebellion*, 713 F.2d at 528.

### E. In the Alternative, Permissive Intervention Is Warranted Under Rule 24(b).

Should this Court find that intervention as of right is not established, Proposed Intervenor alternatively requests permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). The constitutional defenses and frivolousness arguments Proposed Intervenor advances share core legal questions with the main action. Permissive intervention will cause no delay given the embryonic stage of proceedings.

### V. CONCLUSION — MOTION TO INTERVENE

Proposed Intervenor De Mont Kalai Manaole respectfully requests that this Court:

1. Grant his Motion to Intervene as of Right pursuant to Federal Rule of Civil Procedure 24(a)(2);

2. Deem the [Lodged] Proposed Motion to Dismiss, attached hereto as Exhibit A, filed as of the date intervention is granted; and

3. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

**De Mont Kalai Manaole**
86-044 Hoaha St.
Waiʻanae, HI 96792
(808) 726-5753
demontconner@gmail.com
Pro Se Proposed Intervenor