# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAIʻI

ERIC RYAN,

        Plaintiff,

v.

KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES OF AMERICA,

        Defendants.

Civil Case No. 1:26-cv-00270-SASP-KJM

## DECLARATION OF DE MONT KALAI MANAOLE

## IN SUPPORT OF MOTION TO INTERVENE

I, De Mont Kalai Manaole, declare as follows:

1. I am a United States citizen and a resident of Waiʻanae, Hawaiʻi. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the facts set forth herein.

2. I am a native Hawaiian person. I am a trust beneficiary of the Hawaiian Homes Commission Act of 1920 ("HHCA"). My status as an HHCA trust beneficiary confers upon me a direct, legally protectable interest in the Hawaiian Home Lands trust and the continued integrity of the HHCA's eligibility requirements.

3. I reside at 86-044 Hoaha St., Waiʻanae, HI 96792. I have resided in Hawaiʻi and have maintained my connection to the native Hawaiian community throughout my life.

4. I learned of the filing of Eric Ryan v. Kali Watson, et al., Case No. 1:26-cv-00270-SASP-KJM, in the United States District Court for the District of Hawaiʻi on or around the date of its filing, June 1, 2026. I am filing this motion to intervene promptly upon learning of the lawsuit.

5. I have a direct and substantial interest in this litigation. The plaintiff seeks to invalidate the HHCA's 50% native Hawaiian blood-quantum eligibility requirement — the requirement that defines who is a trust beneficiary and who may benefit from the approximately 200,000 acres of Hawaiian Home Lands set aside by Congress for native Hawaiians. If the plaintiff prevails, the trust in which I hold a beneficiary interest would

12

be fundamentally altered, and the exclusive character of the native Hawaiian trust lands would be destroyed.

6. I do not believe that Defendant Kali Watson, the Hawaiian Homes Commission, or the federal defendants can or will adequately represent my interests as a trust beneficiary in defending this action. Government officials are constrained by considerations that do not reflect my interests as a direct trust beneficiary. I bring defenses and perspectives — including arguments regarding the frivolousness of this litigation in the face of controlling precedent — that the existing defendants are unlikely to raise fully or vigorously.

7. I bring this motion to intervene in good faith and for the purpose of protecting my legal rights as an HHCA trust beneficiary and the rights of similarly situated native Hawaiian beneficiaries.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __3__ day of June 2026, at Waiʻanae, Hawaiʻi.

**De Mont Kalai Manaole**

Declarant

13