Jullie Aiko Manaole
86-044 Hoaha St
Wai'anae, HI 96792
(808) 726-6232
aikomanaole@gmail.
con

ORIGINAL

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 8 2026

at 9 o'clock and 45 min a M
Lucy H. Carrillo, Clerk

**Eric Ryan v. Kali Watson, et al.**
Case No. 1:26-cv-00270

**PROPOSED INTERVENOR-DEFENDANT JULLIE AIKO MANAOLE'S MOTION FOR PERMISSIVE INTERVENTION PURSUANT TO FED. R. CIV. P. 24(b) AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I. INTRODUCTION

Proposed Intervenor-Defendant Jullie Aiko Manaole respectfully moves this Court pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) for leave to intervene as a defendant in the above-captioned action. Mrs. Manaole is a resident of Wai'anae, O'ahu, and is the mother of children with Native Hawaiian ancestry. Although her children's blood quantum does not meet the 50% threshold for HHCA beneficiary eligibility, they are Native Hawaiians within the meaning of broader federal statutory frameworks, and their identity, cultural continuity, and legal status as Native Hawaiians are directly threatened by the constitutional theory Plaintiff advances in this action.

Mrs. Manaole does not intervene merely as a parent. She intervenes as a member of the broader Hawaiian community who has witnessed firsthand the devastating consequences of indigenous land dispossession in Wai'anae and who understands — as a non-Hawaiian married into and embraced by the Hawaiian community — the irreplaceable role the HHCA plays in preserving Hawaiian family integrity, cultural continuity, and community stability. She brings a perspective that no existing party can offer: the perspective of a non-Native family member who has chosen to stand in solidarity with the Hawaiian community and whose children's futures depend in part on the constitutional outcome of this case.

## II. BACKGROUND

### A. Mrs. Manaole's Family Connection to the HHCA Trust Ecosystem

Mrs. Manaole is married to De Mont Kalai Manaole, a Native Hawaiian Trust Beneficiary under the HHCA, who has filed a Motion to Intervene and Motion to Dismiss in this action in his own right. Mrs. Manaole's children have Native Hawaiian ancestry through their father and other family members. Their blood quantum — at least 25% Native Hawaiian — does not qualify them for HHCA homestead leases, but it makes them Native Hawaiians under the broader federal definitions applicable to numerous federal programs including the Native Hawaiian Education Act, 20 U.S.C. § 7511 et seq., and the Native Hawaiian Health Care Improvement Act, 42 U.S.C. § 11701 et seq.

Mrs. Manaole has raised her children in Wai'anae within a Hawaiian cultural context, and the constitutional theory Plaintiff advances — that any federal distinction based on Native Hawaiian ancestry is an impermissible racial classification — would, if adopted, threaten not only the HHCA but the entire architecture of federal recognition of Native Hawaiian identity.

## B. The Breadth of Plaintiff's Constitutional Theory

Plaintiff does not merely challenge the HHCA's 50% blood quantum threshold. His equal protection theory, if accepted, would establish the principle that Congress may not draw any distinction based on Native Hawaiian ancestry. This principle, if applied broadly, would imperil every federal statute recognizing Native Hawaiian status — affecting Mrs. Manaole's children's eligibility for federal Native Hawaiian education programs, health care programs, and cultural preservation funding. The harm to Mrs. Manaole's family is direct and traceable to the legal theory Plaintiff asks this Court to adopt.

## III. ARGUMENT FOR PERMISSIVE INTERVENTION

### A. Timeliness

This motion is filed at the early stages of litigation. No scheduling order, discovery deadlines, or dispositive motion briefing schedules have been established. Mrs. Manaole files promptly upon learning of this action through her husband's participation. The intervention will cause no prejudice or delay to any existing party. United States v. Alisal Water Corp., 370 F.3d 915, 921 (9th Cir. 2004).

### B. Common Questions of Law and Fact

The central legal question — whether federal distinctions based on Native Hawaiian ancestry constitute a racial classification subject to strict scrutiny or a political classification subject to rational basis review — is the precise legal question that determines Mrs. Manaole's children's eligibility for federal Native Hawaiian programs. Her defense shares this common question of law entirely with the main action.

Moreover, Mrs. Manaole's participation introduces a common question of fact that no existing party can develop: the concrete, lived impact on non-qualifying Native Hawaiian children and their non-Native Hawaiian parent of a legal regime that strips all federal recognition from Native Hawaiian ancestry. The human dimension of Plaintiff's theory — its effects on actual families in communities like Wai'anae — is a factual question that belongs in this record.

### C. The Trbovich Doctrine — Inadequate Representation

Under Trbovich v. United Mine Workers, 404 U.S. 528 (1972), permissive intervention is especially warranted where the proposed intervenor's perspective is not adequately represented by existing parties. The State defendants will mount an institutional defense of the HHCA. De Mont Kalai Manaole, as an HHCA Trust Beneficiary, will defend the program from the perspective of a qualifying beneficiary. No existing party speaks for the tens of thousands of non-qualifying Native Hawaiians and their non-Hawaiian family members who have built their lives around the HHCA community and the broader federal framework of Native Hawaiian recognition. Mrs. Manaole fills that gap.

### D. The Family Relational Interest Is Legally Cognizable

Courts have recognized that a parent's interest in her child's federal program eligibility and legal status is a legally cognizable interest sufficient to support permissive intervention. See, e.g., Grutter v. Bollinger, 288 F.3d 732, 741 (6th Cir. 2002) (recognizing community members' interests in educational program outcomes). Mrs. Manaole's children's eligibility for federal

Native Hawaiian programs — and the constitutional framework that protects that eligibility — is precisely the kind of concrete, traceable reliance interest that Rule 24(b) is designed to protect.

## IV. MOTION TO DISMISS — FED. R. CIV. P. 12(b)(6)

### A. The Morton v. Mancari Framework Forecloses Plaintiff's Claim

Plaintiff's equal protection claim requires the Court to apply strict scrutiny to the HHCA's Native Hawaiian classification. This requirement fails at the threshold under Morton v. Mancari, 417 U.S. 535 (1974), which established that federal legislation directed at Native Americans as a political class — not as a racial group — is subject only to rational basis review. The HHCA's classification of Native Hawaiians as the beneficiary class of a congressionally created trust is a paradigmatic Mancari political classification.

Plaintiff's complaint cannot survive Rule 12(b)(6) because it is built entirely on the premise that strict scrutiny applies. Without strict scrutiny, the HHCA easily satisfies rational basis review: Congress had an obvious rational basis — remedying the consequences of historical land alienation from an indigenous people — for establishing the HHCA trust and defining its beneficiary class.

### B. Rice v. Cayetano Does Not Support Plaintiff's Theory

Plaintiff may rely on Rice v. Cayetano, 528 U.S. 495 (2000), in which the Supreme Court struck down a Hawaii state voting restriction limiting participation in OHA elections to Native Hawaiians. Rice is distinguishable in critical respects. First, Rice addressed a state voting restriction — not a federal trust program established by Congress pursuant to its plenary authority over indigenous peoples. Second, the Rice Court expressly declined to address the constitutional status of the HHCA itself. Third, Mancari's political classification doctrine — which Rice did not overrule — applies with full force to a federal program like the HHCA. The distinction between state action and federal indigenous trust legislation is constitutionally decisive.

### C. Plaintiff Lacks a Cognizable Injury

To plead an equal protection claim, Plaintiff must allege that he has been denied a benefit or subjected to a burden because of his race. Plaintiff holds no application for an HHCA homestead lease, has suffered no denial of a government benefit, and can identify no concrete harm beyond his ideological opposition to a federal trust program that has existed for over a century. Ideological objection to a federal program, without more, is insufficient to establish the injury-in-fact required by Article III and necessary to state an equal protection claim.

## V. CONCLUSION

For the foregoing reasons, Jullie Aiko Manaole respectfully requests that this Court grant her Motion for Permissive Intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B) and, upon intervention, grant her Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).


Respectfully submitted,

Jullie Aiko Manaole

Proposed Intervenor-Defendant, Pro Se

Dated: June 8, 2026