ORIGINAL

Jullie Aiko Manaole
86-044 Hoaha St
Wai'anae, HI 96792
(808) 726-6272
aikomanaole@gmail.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII**

**Eric Ryan v. Kali Watson, et al.**
Case No. 1:26-cv-00270

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 8 2026

at 9 o'clock and 45 min, a M
Lucy H. Carrillo, Clerk

## MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JULLIE AIKO MANAOLE IN SUPPORT OF DEFENDANTS AND INTERVENOR-DEFENDANTS

### I. IDENTITY AND INTEREST OF PROPOSED AMICUS

Jullie Aiko Manaole is a resident of Wai'anae, O'ahu, the wife of HHCA Trust Beneficiary De Mont Kalai Manaole, and the mother of children with Native Hawaiian ancestry. As a non-Native Hawaiian who has built her family, her home, and her life within the Hawaiian community of Wai'anae, Mrs. Manaole brings to this Court a perspective that is entirely absent from the current adversarial record: the perspective of the non-Native Hawaiian spouse and parent who stands at the intersection of HHCA family life and the constitutional question this litigation raises.

Mrs. Manaole's proposed amicus brief will assist the Court in understanding the full human scope of the constitutional stakes in this action and will present legal arguments concerning the family relational interests of non-qualifying spouses and parents that are not developed in the parties' submissions.

### II. LEGAL STANDARD

The standard for amicus participation requires only that the proposed brief assist the Court in its deliberations. Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982). Mrs. Manaole's proposed brief satisfies this standard by offering the Court a unique factual perspective and supplementary legal analysis. The Ninth Circuit has recognized that complex public interest litigation of the kind presented here — touching on indigenous rights, federal trust law, and constitutional structure — particularly benefits from the participation of community voices who can give the Court a complete picture of the human consequences of its decision.

### III. SUMMARY OF PROPOSED AMICUS ARGUMENTS

#### A. Non-Hawaiian Spouses and Parents Have Cognizable Reliance Interests

Amicus will demonstrate that the HHCA trust's reach extends, as a matter of law and as a matter of lived reality, beyond qualifying beneficiaries to encompass their non-qualifying spouses, children, and family members. HHCA § 208(3) permits non-qualifying spouses to occupy homestead lots. Federal regulations governing HHCA homestead leases recognize the interests of non-qualifying family members in succession and occupancy. Amicus will argue that these legally recognized reliance interests are entitled to protection from abrupt legislative invalidation through judicial decree.

## B. The Constitutional Theory Plaintiff Advances Threatens All Federal Native Hawaiian Recognition

Amicus will present a survey of federal statutes that recognize Native Hawaiian status — the Native Hawaiian Education Act, the Native Hawaiian Health Care Improvement Act, the Native Hawaiian Housing Block Grant program, and others — and will demonstrate that Plaintiff's equal protection theory, if adopted, would render all of these statutes constitutionally suspect. The consequences for Native Hawaiian children — including Mrs. Manaole's own children — would be catastrophic and irreversible.

## C. The Voice of the Non-Hawaiian Family Member

Amicus will offer the Court the perspective of a non-Native Hawaiian who chose to join, and has been embraced by, the Hawaiian community of Wai'anae. This perspective illuminates a truth that Plaintiff's litigation ignores: the HHCA does not divide communities along racial lines. It sustains a community — one that includes non-Hawaiian spouses, partners, and family members — that was devastated by historical land alienation and that has rebuilt itself, in part, on the foundation the HHCA provides.

## IV. CONCLUSION

For the foregoing reasons, Jullie Aiko Manaole respectfully requests leave to file a brief as amicus curiae in support of Defendants and Intervenor-Defendants.

Respectfully submitted,

Jullie Aiko Manaole

Jullie Aiko Manaole

Proposed Amicus Curiae, Pro Se

Dated: June 8, 2026