KEVIN O'GRADY, Hawaii Bar #8817
The Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
Telephone: (808) 521-3367
kevin@kevinogradylaw.com

CALEB R. TROTTER, Cal. Bar #305195*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
CTrotter@pacificlegal.org
*Attorneys for Plaintiff*
* *Pro Hac Vice*
*Additional counsel listed on next page*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC RYAN,<br><br>               Plaintiff,<br><br>   v.<br><br>KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES OF AMERICA,<br><br>               Defendants. | Case No. CV 26-00270 SASP-KJM<br><br>**PLAINTIFF'S CONSOLIDATED OPPOSITION TO MOTIONS TO INTERVENE; EXHIBIT A** |

*Additional counsel for Plaintiff:*

NOELLE DANIEL, Kan. Bar #29461*
CAITLYN KINARD, D.C. Bar #90029259*
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
NDaniel@pacificlegal.org
CKinard@pacificlegal.org

*\* Pro Hac Vice*

i

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

LEGAL STANDARD....................................................................................................2

ARGUMENT ...............................................................................................................3

   I.    Proposed Intervenors Are Not Entitled to Intervene as of Right ...................3

     A.  Proposed Intervenors lack a distinct protectable interest that will be
impaired absent intervention.........................................................................3

     B.  Proposed Intervenors' interests are adequately represented by the
government ....................................................................................................7

   II.   Permissive Intervention Is Not Warranted...................................................10

CONCLUSION............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) ......................................................3, 4, 5, 8, 9, 11

*Callahan v. Brookdale Senior Living Cmtys., Inc.*,
42 F.4th 1013 (9th Cir. 2022) ...............................................................2, 3, 10, 12

*Cooper v. Newsom*,
13 F.4th 857 (9th Cir. 2021) .......................................................................10

*Forest Conservation Council v. U.S. Forest Serv.*,
66 F.3d 1489 (9th Cir. 1995), *overruled in part by Wilderness
Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ..............................6, 7

*Freedom from Religion Found., Inc. v. Geithner*,
644 F.3d 836 (9th Cir. 2011) .............................................................2, 3, 10

*Portland Audubon Soc'y v. Hodel*,
866 F.2d 302 (9th Cir. 1989) ................................................................7

*Public Serv. Co. of N.H. v. Patch*,
136 F.3d 197 (1st Cir. 1998)...............................................................6

*S. Cal. Edison Co. v. Lynch*,
307 F.3d 794 (9th Cir. 2002) ..............................................................6

*Sierra Club v. EPA*,
995 F.2d 1478 (9th Cir. 1993) .............................................................4

*Spangler v. Pasadena City Bd. of Educ.*,
552 F.2d 1326 (9th Cir. 1977) ...........................................................10

*United States v. City of Los Angeles*,
288 F.3d 391 (9th Cir. 2002) ...............................................................9

*Wilderness Soc'y v. U.S. Forest Serv.*,
630 F.3d 1173 (9th Cir. 2011) ...........................................................2

**Statutes**

Hawaiian Homes Commission Act of 1920 ................................................1

**Rules of Court**

Fed. R. of Civ. P. 24(a)(2) ...................................................................2, 3, 8

iii

Fed. R. Civ. P. 24(b)(3)..................................................................................3, 10

**Other Authorities**

Governor Josh Green, M.D., Governor Green Statement on Lawsuit
Challenging Hawaiian Homes Program, Office of the Governor,
https://governor.hawaii.gov/newsroom/office-of-the-governor-
statement-gov-green-statement-on-lawsuit-challenging-hawaiian-
homes-program/ ................................................................................................8

**INTRODUCTION**

Plaintiff Eric Ryan challenges the constitutionality of the Hawaiian Homes Commission Act of 1920 ("HHCA"), as enforced by the Department of Hawaiian Home Lands (DHHL), which set aside approximately 200,000 acres of public land for long-term homestead leases available only to individuals possessing at least 50 percent native Hawaiian ancestry. Pro se individuals De Mont Kalai Manaole, Regina "Nani" Peterson, Dana Newman, Kimberly Haupu, Jullie Aiko Manaole, Carlene Puaokalani Maria, Georgiana K. Navarro, Kananiokaaina Charlee Giddens, and Loaa Kumokuhalii Devereux Pine ("Proposed Intervenors") seek to intervene to defend the constitutionality of the HHCA—among other things not implicated by this case—based on their claims that they are native Hawaiians and trust beneficiaries. Because the pending motions raise substantially overlapping factual and legal issues under Rule 24, Plaintiff submits this consolidated opposition to address all filed motions to intervene in the interest of judicial economy.

All of the pending motions to intervene should be denied because the Proposed Intervenors lack a distinct, protectable interest that will be impaired by their absence in this litigation, and Proposed Intervenors cannot overcome the strong presumption that the governmental Defendants adequately represent their interests. Further, permitting intervention for Proposed Intervenors would unnecessarily duplicate arguments and prejudice efficient adjudication in this case. The fact that

1

there are numerous, nearly identical motions to intervene already filed in this matter

confirms that permitting intervention will unduly delay litigation. For these reasons,

this Court should deny the Proposed Intervenors' motions.[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), a party seeking to intervene

as of right must establish that: (1) its motion is timely; (2) it asserts a "significantly

protectable" interest relating to the property or transaction that is the subject of the

action; (3) disposition of the action may, as a practical matter, impair or impede its

ability to protect that interest; and (4) its interest is not adequately represented by the

existing parties. *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013,

1020 (9th Cir. 2022) (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173,

1177 (9th Cir. 2011)). Failure to satisfy any one of the requirements is fatal to the

application, and the Court need not reach the remaining elements if one of the

elements is not satisfied. *See Freedom from Religion Found., Inc. v. Geithner*, 644

F.3d 836, 841 (9th Cir. 2011).

The Court has discretion to grant permissive intervention when the movant

presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a

common question of law and fact between the movant's claim or defense and the

---

[1] Because the proposed motions to dismiss included with the motions to intervene are not properly before this Court, Plaintiff need not address the proposed motions to dismiss on their merits.

2

main action." *See Callahan*, 42 F.4th at 1022 (quoting *Freedom from Religion Found., Inc.*, 644 F.3d at 843). In addition to these threshold requirements, courts do not permit intervention when doing so "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## ARGUMENT

### I.    Proposed Intervenors Are Not Entitled to Intervene as of Right

Proposed Intervenors' motions to intervene as of right must be denied because they cannot demonstrate a specific protectable interest that will be impaired absent their participation in this case. Further, the Proposed Intervenors have not met their burden of showing that any cognizable interest they have is not adequately represented by the governmental Defendants.[2]

### A.    Proposed Intervenors lack a distinct protectable interest that will be impaired absent intervention

To intervene as of right under Rule 24(a)(2), Proposed Intervenors must demonstrate a "significantly protectable interest relating to the property or transaction that is the subject of the action." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Generally, this requirement will be met when "the interest is protectable under some law, and [when] there is a relationship between the legally

---

[2] Although Plaintiff does not contest that Proposed Intervenors' motions to intervene were timely filed, no Defendant has appeared in the case yet and the motions to intervene filed by Regina Peterson, Dana Newman and Kimberly Haupu do not list service to Defendants. Jullie Aiko Manaole's Motion to Intervene is unaccompanied by a Certificate of Service.

3

protected interest and the claims at issue." *Id.* at 1084 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

Proposed Intervenors' motions to intervene as of right should be denied because they do not identify a distinct protectable interest for which intervention is appropriate. Instead, Proposed Intervenors have little more than a speculative interest in the continued operation of the HHCA. Proposed Intervenors do not, however, allege that they are receiving benefits under the HHCA—like a DHHL lease—or that they are on a waitlist for such benefits. Proposed Intervenors' theory of intervention would, if accepted, mean that any individual who has some policy interest in sustaining the HHCA would have a right to intervene in this case. This Court need not, and should not, adopt such an expansive theory.

Proposed Intervenors claim to be trust beneficiaries of the HHCA with a "legally cognizable property interest in the continued integrity of the Hawaiian Home Lands trust."[3] Proposed Intervenors also claim a generalized policy interest in continuing the HHCA. Specifically, the Proposed Intervenors argue that "[a] judgment in Plaintiff's favor would open the trust lands to the general public and

---

[3] *See* De Mont Kalai Manaole's Mot. to Intervene at 3; Peterson and Newman's Mot. to Intervene at 15; Haupu's Mot. to Intervene at 2; Pine's Mot. to Intervene at 3; Navarro's Mot. to Intervene at 4; Gidden's Mot. to Intervene at 4; and Maria's Mot. to Intervene at 4. All contain nearly identical language. Jullie Aiko Manaole's motion does not identify a protectable interest and does not request intervention as of right.

destroy the exclusive character of the trust interest Congress created for native Hawaiian beneficiaries."[4] Neither are sufficient to warrant intervention.

First, there is no protectable interest in maintaining a government program that excludes people on the basis of ancestry. *See Arakaki*, 324 F.3d at 1086 (holding that proposed intervenor "does not have a significantly protectable interest in its dilution claim to limit benefits to Native Hawaiians" and that "interest in limiting the class of beneficiaries to native Hawaiians is not impaired by Plaintiffs' equal protection claim."). Here, Proposed Intervenors do not claim that they are currently receiving benefits under the HHCA and therefore have no interest in preserving the benefits framework. Moreover, Plaintiff does not seek to invalidate any DHHL leases held by any individual or remove any individual from the substantial waiting list. Rather, should this case ultimately succeed, all Hawaiians will merely be on equal footing in qualifying for placement on the waitlist. As a result, no individual's protectable interest is in any way threatened by this case. Thus, Proposed Intervenors cannot show that they have a cognizable interest that will be impaired if their motions to intervene are denied.

Second, Proposed Intervenors' general policy interest is derivative of the

---

[4] *See* De Mont Kalai Manaole's Mot. to Intervene at 3; Peterson and Newman's Mot. to Intervene at 15–16; Haupu's Mot. to Intervene at 15–16; Pine's Mot. to Intervene at 3; Navarro's Mot. to Intervene at 4; Giddens' Mot. to Intervene at 4; and Maria's Mot. to Intervene at 4. All contain nearly identical language.

government's interests and is, by itself, insufficient to justify intervention as of right. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) ("an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right.") (quoting *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998)).

Even the authority relied on by the Proposed Intervenors in support of their intervention motions further supports denial for lack of a distinct, protectable interest under the law.[5] *See, e.g.*, De Mont Kalai Manaole's Mot. to Intervene at 3 (citing *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995), *overruled in part by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)). In *Forest Conservation Council*, the Ninth Circuit held that the proposed intervenors asserted a sufficient interest to intervene because it had "tangible, concrete rights protected by various federal and state laws, as well as contracts with the federal government," and ongoing litigation would present a "tangible threat" to those rights. *Id.* at 1495–96. These "tangible, concrete rights" and federal contracts were not generalized or hypothetical; the proposed intervenors "asserted their contractually protected rights to timber sales proceeds and revenues for forest management activities, as well as their legal duties to protect the public safety by preventing and fighting wildfires." *Id*. Here, by contrast, Proposed

---

[5] The majority of Proposed Intervenors cite the *Forest Conservation Council* case.

Intervenors identify no individualized property right, contract, permit, or other tangible interest that would be impaired absent intervention in this matter. They do not claim that they would lose any lease received through the HHCA, be removed from the waitlist, or suffer any other direct consequence to any existing right. Nor could they, as the Complaint in this case seeks only prospective declaratory and injunctive relief targeted solely at the ancestry-based exclusion for applying for a lease with the DHHL. *See* Compl. at 18–19.

Proposed Intervenors' interests are instead more akin to the bare expectation of an economic interest held insufficient to warrant intervention in *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302 (9th Cir. 1989). The Ninth Circuit denied intervention in *Portland Audubon* because—as here—the proposed intervenor lacked any existing real or personal property, contracts, or permits affected by the litigation. *See Forest Conservation Council*, 66 F.3d at 1495 (distinguishing *Portland Audubon*).

Because the Proposed Intervenors lack a distinct, protectable interest to justify intervention, this Court should deny Proposed Intervenors' motions to intervene as of right.

## B. Proposed Intervenors' interests are adequately represented by the government

Even assuming that Proposed Intervenors have some cognizable interest sufficient to justify intervention (which they do not), the motions to intervene should

7

be denied because the government will adequately represent such interests.

Intervention as of right is available only where existing parties do not "adequately represent" the intervenor's interest. Fed. R. Civ. P. 24(a)(2). Where, as here, Proposed Intervenors and the governmental Defendants pursue the same objectives, courts presume that the governmental Defendants will adequately represent the intervenor's interest. *See Arakaki*, 324 F.3d at 1086. That presumption is even stronger when the proposed intervenor is on the same side as the government. *Id.* Courts generally presume that the government adequately represents the proposed intervenor's interests unless the proposed intervenor makes a "very compelling showing to the contrary." *Id.*

Proposed Intervenors have not made a compelling showing that the government will not adequately represent their interests in this case. The government fully shares Proposed Intervenors' objective of upholding the HHCA, and the Proposed Intervenors offer no basis for doubting that the government will fully and rigorously defend against the lawsuit. In fact, in response to this litigation, Governor Josh Green stated that the state government "will fight this lawsuit with everything we have," and Attorney General Anne Lopez declared that "[w]e are prepared to vigorously defend the Hawaiian Homes program and the promises it represents."[6]

---

[6] Governor Josh Green, M.D., Governor Green Statement on Lawsuit Challenging Hawaiian Homes Program, Office of the Governor,

8

In *Arakaki*, the Ninth Circuit denied native Hawaiians' intervention in a similar taxpayer challenge to the constitutionality of the HHCA because the government adequately represented the proposed intervenors' interests. 324 F.3d at 1086–87. The court did so even though—unlike here—the proposed intervenors in *Arakaki* actually received benefits under the HHCA and were found to have a significant protectable interest against the plaintiff's equal protection challenge. *See Arakaki*, 324 F.3d at 1085–86. Even where the "interest" prong is satisfied, intervention was still improper because the Court presumes that the government adequately represents those interests. *Id.* at 1086–87. Likewise, the government will adequately represent Proposed Intervenors' interest in defending against the constitutional challenge at stake in this litigation.

Moreover, "[w]here parties share the same ultimate objective," as here, "differences in litigation strategy do not normally justify intervention." *Id.* (citing *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002)). Because the government has yet to file any responsive pleading or motion, Proposed Intervenors' concerns about the government's litigation strategy are entirely speculative, making its request premature and unwarranted at this stage. There is no evidence—nor any indication—that the government will abandon viable defenses or

---

https://governor.hawaii.gov/newsroom/office-of-the-governor-statement-gov-green-statement-on-lawsuit-challenging-hawaiian-homes-program/ (last visited June 9, 2026).

fail to represent Proposed Intervenors' position fully. Accordingly, the presumption of adequate representation remains, and this Court should deny Proposed Intervenors' motions to intervene as of right.

## II.   Permissive Intervention Is Not Warranted

Where a proposed intervenor does not meet the requirements to intervene as of right, the Court in its discretion may grant permissive intervention when the movant presents (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. *See Callahan*, 42 F.4th at 1022 (quoting *Freedom from Religion Found., Inc.*, 644 F.3d at 843). But even when a proposed intervenor meets the threshold requirements for permissive intervention, "the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021); *see also* Fed. R. Civ. P. 24(b)(3). Further, a court may consider whether the proposed intervenors' interests are adequately represented by the other parties, whether intervention will prolong litigation, and whether the parties seeking to intervene will "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *See Callahan*, 42 F.4th 1013, 1022 (9th Cir. 2022) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). Permissive intervention should

10

be denied here because intervention will cause undue delay and prejudice to the existing parties, the intervenors' interests are adequately represented by the governmental Defendants, and intervention will not aid the Court in resolving the factual and legal questions presented. [7]

First, this Court should deny permissive intervention to prevent undue delay and prejudice to the existing parties. So far, nine pro se individuals have filed motions to intervene, all posing nearly identical arguments. Granting permissive intervention in this instance may effectively invite any native Hawaiian person or advocacy group to intervene in this case. Yet as the Ninth Circuit in *Arakaki* recognized, "[n]ot every native Hawaiian group could or should be entitled to intervene." *Id.* at 1087. And with good reason: Proposed Intervenors primarily seek to defend the constitutionality of the HHCA—a task that the governmental Defendants, including the United States of America, have already publicly committed to and are more than capable of pursuing. *See* note 6, *supra*. Permitting numerous *pro se* intervenors with the exact same interest as the governmental Defendants to join this litigation would significantly complicate and extend discovery, result in extensive duplicative briefing and motions practice, and ultimately delay resolution of the important constitutional claims at issue. This

---

[7] Regina Peterson should additionally be denied leave to intervene due to her attempts to intimidate counsel and counsel's staff in this case. *See* Declaration of Jassmin Barrientos.

11

undue delay and prejudice to the existing parties does not warrant permissive intervention.

Second, because the Proposed Intervenors' interests are identical to and already adequately represented by the governmental Defendants, *see* note 6, *supra*, Proposed Intervenors are unlikely to contribute to the case in ways that the governmental Defendants cannot. *See Callahan*, 42 F.4th at 1023 (denying a motion for permissive intervention where the proposed intervenors were adequately represented by the pre-existing parties and, thus, would not significantly contribute to the case). What the nine (so far) separate Proposed Intervenors will add instead is complexity, overlapping facts, and duplicative claims. Simply put, adding the Proposed Intervenors as parties would unnecessarily complicate the litigation while gaining nothing.

Because Proposed Intervenors do not offer any additional assistance to the Court and intervention would prejudice efficient case management, the Court should deny Proposed Intervenors' motions for permissive intervention.

## CONCLUSION

For the foregoing reasons, the pending Proposed Intervenors' motions to intervene should be denied. Further, the Court should make clear that any future motions to intervene predicated on substantially the same interests and arguments likewise would not satisfy Rule 24 and would serve only to multiply proceedings,

12

burden the parties, and consume judicial resources without materially assisting resolution of the issues before the Court.

Pursuant to L.R. 7.4(e), the undersigned certifies that this brief complies with this Court's word limit and contains 2,800 words.

DATED: June 17, 2026.                    Respectfully submitted,

THE LAW OFFICE OF KEVIN              PACIFIC LEGAL FOUNDATION
O'GRADY, LLC
 s/ *Kevin O'Grady*                  CALEB R. TROTTER
KEVIN O'GRADY, Hawaii Bar #8817      Cal. Bar #305195*
1164 Bishop Street, Suite 1605       555 Capitol Mall, Suite 1290
Honolulu, Hawaii 96813               Sacramento, CA 95814
Telephone: (808) 521-3367            Telephone: (916) 419-7111
kevin@kevinogradylaw.com             CTrotter@pacificlegal.org
                                     NOELLE DANIEL
                                     Kan. Bar #29461*
                                     CAITLYN KINARD
                                     D.C. Bar #90029259*
                                     3100 Clarendon Blvd., Suite 1000
                                     Arlington, Virginia 22201
                                     Telephone: (202) 888-6881
                                     NDaniel@pacificlegal.org
                                     CKinard@pacificlegal.org

                                     *Pro Hac Vice*

                    *Attorneys for Plaintiff*

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I caused the foregoing document to be

served upon the following parties by the means indicated on June 17, 2026:

Kali Watson, Chairman of the Hawaiian Homes Commission
     by Email and U.S. Mail on counsel:
Ewan C. Rayner
Department of the Attorney General, State of Hawai'i
Ka 'Oihana O Ka Loio Kuhina
Email:  ewan.rayner@hawaii.gov

Ken Sorenson          U.S. Mail
U.S. Attorney
ATTN Civil Process Clerk
300 Ala Moana Blvd., #6-100
Honolulu, HI 96850

Attorney General     U.S. Mail
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Doug Burgum        U.S. Mail
Secretary of the
Department of the Interior
1849 C Street, N.W.
Washington, DC 20240

Dana Newman       U.S. Mail
86-550 Hakalina Rd.
Waianae, HI 96792

Carlene Puaokalani Maria  U.S. Mail
P. O. Box 75592
Kapolei, HI 96707

De Mont Kalai Manaole  U.S. Mail
Jullie Aiko Manaole
86-044 Hoaha St.
Waianae, HI 96792

Georgiana K. Navarro   U.S. Mail
85-1473 Kapaekahi St.
Waianae, HI 96792

Kananiokaaina Charlee Giddens
     U.S. Mail
41-520 Waikupanaha St.
Waimanalo, HI 96795

Kimberly Haupu      U.S. Mail
86-660 Lualualei Homestead Rd.
Waianae, HI 96792

Loaa Kumokuhalii Devereux Pine
     U.S. Mail
86-512 Paheehee St.
Waianae, HI 96792

Regina Nani Peterson   U.S. Mail
85-1441 Waianae Valley Rd.
Waianae, HI 96792

14

 s/ *Kevin O'Grady*
KEVIN O'GRADY, Hawaii Bar #8817
The Law Office of Kevin O'Grady, LLC
*Attorney for Plaintiff*