# EXHIBIT A

KEVIN O'GRADY, Hawaii Bar #8817
The Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
Telephone: (808) 521-3367
kevin@kevinogradylaw.com

CALEB R. TROTTER, Cal. Bar #305195*
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
CTrotter@pacificlegal.org
*Attorneys for Plaintiff*
* *Pro Hac Vice*
*Additional counsel listed on next page*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC RYAN,<br><br>   Plaintiff,<br><br> v.<br><br>KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES OF AMERICA,<br><br>   Defendants. | Case No. CV 26-00270 SASP-KJM<br><br>**DECLARATION OF JASSMIN BARRIENTOS** |

1

*Additional counsel for Plaintiff:*

NOELLE DANIEL, Kan. Bar #29461*
CAITLYN KINARD, D.C. Bar #90029259*
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
NDaniel@pacificlegal.org
CKinard@pacificlegal.org

*\* Pro Hac Vice*

## DECLARATION OF JASSMIN BARRIENTOS

I, Jassmin Barrientos, declare as follows:

1.     I am over the age of eighteen and have personal knowledge of the facts set forth herein. If called as a witness, I could and would testify competently thereto.

2.     I am employed as a receptionist at the Law Office of Kevin O'Grady, LLC, and I have served in that position since approximately April 2026.

3.     On June 5, 2026, Kevin O'Grady, left the office around 3:10 p.m.

4.     Shortly after Mr. O'Grady left the office, at approximately 3:15 p.m., a woman entered the office and delivered a packet of documents for filing.

5.     Although I did not get the woman's name, the documents she delivered listed her name as "Regina Peterson."

6.     The woman remained in the office after delivering the documents. While she was present, I scanned the documents.

1

7. The woman asked for the restroom key, which I provided to her. She remained in the restroom for several minutes before returning to the reception area.

8. After returning from the restroom, the woman remained in the office while I continued scanning the documents. During this time, she stood in the reception area and watched me.

9. The woman then asked whether Mr. O'Grady was in the office. I informed her that he had left.

10. The woman asked whether Mr. O'Grady would be returning to the office that day. I informed her that he was not expected to return.

11. The woman then stated, in substance, "I wanted to say this to his face, but there will be a lot of Kanaka intervening in this case, so tell him to be on the lookout."

12. The woman reiterated that she wanted to deliver this message directly to Mr. O'Grady.

13. After the woman made these statements, I asked whether she needed anything further. She then left the office.

14. On June 8, 2026, I reported this incident to Mr. O'Grady.

15. Based on the woman's conduct, including her remaining in the office after delivering the documents, her repeated inquiries about whether Mr. O'Grady

2

would return, and the statements she made regarding Mr. O'Grady and the case, I felt intimidated by the encounter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____June 15_____, 2026, at ___Honolulu_____, Hawaii.

JASSMIN BARRIENTOS

3