KENNETH M. SORENSON
United States Attorney
District of Hawaii

JOSEPH M. MCGINLEY #11488
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: joseph.mcginley@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC RYAN,<br><br>Plaintiff,<br><br>vs.<br><br>KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. CV26-00270 SASP-KJM<br><br>DEFENDANTS DOUG BURGUM, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR; AND THE UNITED STATES OF AMERICA'S OPPOSITION TO THE MOTIONS TO INTERVENE [ECF Nos. 9, 10, 11, 13, 21, 22, 23, 24, 26]; CERTIFICATE OF SERVICE<br><br>No trial date. |

**DEFENDANTS DOUG BURGUM, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR; AND THE UNITED STATES OF AMERICA'S OPPOSITION TO THE MOTIONS TO INTERVENE [ECF Nos. 9, 10, 11, 13, 21, 22, 23, 24, 26]**

Defendants Doug Burgum and the United States of America (the "Federal Defendants"), by and through their undersigned attorneys, hereby submit their consolidated opposition to the pending Motions to Intervene [ECF Nos. 9, 10, 11, 13, 21, 22, 23, 24, 26].

## I. INTRODUCTION

The applicants for intervention (the "Applicants") are trust beneficiaries who share a common objective with Defendant Kali Watson (the "State") and the Federal Defendants—to defend the constitutionality and implementation of the Hawaii Admission Act, Pub. L. 86-3, 73 Stat. 4 ("Admission Act"), and the Hawaiian Homes Commission Act, 67 Pub. L. No. 34, ch. 42, 42 Stat. 108 ("HHCA"). Broadly, they seek to intervene pursuant to Fed. R. Civ. P. 24(a) because they believe their interests are inadequately represented by the State and Federal Defendants. *See*, *e.g.*, ECF No. 9 at PageID.43–44; ECF No. 10 at PageID.71. In the alternative, Applicants seek permissive intervention pursuant to Fed. R. Civ. P. 24(b). *See*, *e.g.*, ECF No. 9 at PageID.44; ECF No. 11. Their motions should be denied because they do not satisfy the requirements for intervention under either Rule 24(a) or (b).

Applicants have not established a right to intervene because they have not shown that the State and Federal Defendants will not adequately represent their interests. Beyond carrying the burden to satisfy Rule 24(a)'s requirements, any applicant seeking to align itself with a government entity must also make a "compelling" showing to overcome a mandatory presumption that the government entities will adequately represent their interests. Applicants here have not satisfied Rule 24(a) or overcome the mandatory presumption, and they are accordingly not entitled to intervention as of right. They likewise do not satisfy the requirements for permissive intervention under Rule 24(b), and the Court should exercise its discretion and deny any such request.

## II. LEGAL STANDARDS

### A. Intervention as of Right

Requests to intervene are governed by Fed. R. Civ. P. 24, and the rule is liberally construed in favor of applicants for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted). Rule 24(a)(2) provides the right to intervene where an applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Parties seeking to intervene under Rule 24(a)(2) must satisfy four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki*, 324 F.3d at 1083 (citation omitted). Each of these requirements must be satisfied to establish a right to intervene. *Id.* (citation omitted).

**B. <u>Permissive Intervention</u>**

Parties may alternatively seek permissive intervention under Fed. R. Civ. P. 24(b). Permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Haw. Floriculture & Nursery Ass'n v. Cnty. of Haw.*, Civ. No. 14-00267 BMK, 2014 WL 4199342, at *2 (D. Haw. Aug. 22, 2014) (citing *Blum v. Merrill Lynch Pierce Fenner & Smith*, 712 F.3d 1349, 1353 (9th Cir. 2013)). And even if an applicant satisfies these three requirements, "the district court has discretion to deny permissive intervention." *Id.*

//

//

## III. <u>THE COURT SHOULD DENY THE MOTIONS TO INTERVENE</u>.

### A. <u>The Proposed Intervenors Do Not Satisfy the Standard for Intervention as of Right.</u>

Applicants do not satisfy the standard for intervention as of right because their interests are adequately represented by the State and Federal governments. For purposes of these Motions, the Federal Defendants concede that the first three factors weigh in Applicants' favor. However, the fourth factor—adequacy of representation—does not, and Applicants accordingly do not have a right to intervene.

Courts evaluate three factors when considering the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki*, 324 F.3d at 1086 (citing *California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

1. <u>Applicant's interests are aligned with those of the State and Federal Defendants' and they have not made a compelling showing to the contrary.</u>

The first factor—alignment of interests—is the most important factor. *Id.* When an applicant and an existing party have the "same ultimate objective," courts presume that an applicant's interests will be adequately represented. *Id.* (citing

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)). And courts apply a mandatory presumption of adequacy when the existing party is the government "acting on behalf of the constituency that it represents." *Id.* (citing *United States v. City of L.A., Cal.*, 288 F.3d 391, 402 (9th Cir. 2002)). Indeed, applicants must provide a "very compelling showing to the contrary"—beyond mere differences in litigation strategy—when arguing that a government does not adequately represent their interests. *Id.*; *see also Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 952 (9th Cir. 2009) (reiterating the "compelling showing" requirement); *Haw. Legal Short-Term Rental All. v. City & Cnty. of Honolulu*, Case No. 22-cv-247 DKW-RT, 2022 WL 17585851, at *10–*11 (D. Haw. Dec. 12, 2022) (denying a motion to intervene and concluding that speculative arguments regarding litigation strategy and willingness to settle were insufficient to constitute the required "compelling" showing of inadequacy).

In *Arakaki*, a group of native Hawaiians sought to intervene in a lawsuit that challenged benefits provided by the Office of Hawaiian Affairs ("OHA"), the Department of Hawaiian Home Lands ("DHHL"), and the Hawaiian Homes Commission ("HHC"). *Arakaki*, 324 F.3d at 1081. The plaintiffs in that case, as here, challenged the constitutionality of race-based privileges afforded to native Hawaiians. *Id.* The applicants sought to intervene on the grounds that they had an

interest in continuing to receive those benefits, and that they had an interest in limiting the eligibility of those benefits to native Hawaiians. *Id*.

The Ninth Circuit affirmed the district court's denial of the motion to intervene and concluded, in part, that the State defendants (combined with intervenor State Council of Hawaiian Homestead Association) would adequately represent the applicants' interests. *Id.* at 1087. The Ninth Circuit reasoned that the applicants "share[d] the same ultimate objective as the State [of Hawaii] and its agencies. The State and HHC/DHHL defendants are directed by section 4 of the Admission Act, and Article XII of the Hawaii Constitution to provide benefits to native Hawaiians. In such circumstances a presumption of adequacy of representation arises." *Id.* at 1087.

The Ninth Circuit's reasoning in *Arakaki* is instructive here. The State has not taken a position on the motions to intervene but has "emphasize[d]" that it intends to "fully and vigorously" defend the HHCA and DHHL. *See* ECF No. 52 at PageID.411. The State also posited that its interests are "entirely aligned" with Applicants'. *Id.* at PageID.411–12. The same is true of the Federal Defendants. Should this case reach the merits, the Federal Defendants will defend the constitutionality of the HHCA, the Admission Act, and the Department of the Interior. Between the State and Federal Defendants, Applicants' interests are more than adequately represented.

Applicants have not made the requisite "compelling" showing to the contrary. Their arguments that the State and Federal Defendants are "constrained by litigation strategy, political considerations, and budgetary limitations" and therefore "may decline to raise the full range of defenses[,]" *see* ECF No. 10 at PageID.71; ECF No. 11 at PageID.94,[1] amount to speculative disagreements regarding litigation strategy, not adequacy of representation. *See Haw. Short-Term Rental All.*, 2022 WL 17585851, at *9 (observing that applicants must show, "for example, that Defendants will refuse to make valid arguments or that 'necessary elements to the proceedings' will be neglected without their participation") (citing *Tahoe*, 792 F.2d at 778). The State and Federal Defendants' interests align with Applicants, and their motions to intervene should be denied.

2. <u>Applicants have not demonstrated that the State and Federal Defendants are unwilling or unable to defend the Admission Act and/or the HHCA, nor have they have shown that Applicants would contribute any necessary element that the existing Defendants would neglect.</u>

None of the Applicants addressed the second and third adequacy factors—whether the existing parties are capable and willing to make adequate arguments, and whether a proposed intervenor would offer any necessary elements to the

[1] Many of the motions to intervene contain identical analysis and arguments regarding adequacy of representation. *See* ECF No. 9 at PageID.43–44; ECF No. 10 at PageID.71; ECF No. 13 at PageID.114; ECF No. 21 at PageID.153; ECF No. 22 at PageID.169; ECF No. 23 at PageID.189; and ECF No. 24 at PageID.209.

proceeding that the existing parties would neglect. *Arakaki*, 324 F.3d at 1086. To the extent that such positions are raised, they appear to reflect speculative concerns regarding litigation strategy and incentives insufficient to require Rule 24(a) relief. For example, several applicants argue that the existing defendants "cannot be expected to raise [certain defenses] with the vigor and precision that a directly affected beneficiary can." *See*, *e.g.*, ECF No. 9 at PageID.42; ECF No. 10 at PageID.69; ECF No. 13 at PageID.112. Another argues that intervention is appropriate (under Rule 24(b)) because "no existing party speaks for the tens of thousands non-qualifying Native Hawaiians and their non-Hawaiian family members who have built their lives around the HHCA community[.]" ECF No. 11 at PageID.94.

There has been no showing that the State and Federal Defendants are incapable or unwilling to raise arguments defending the merits of this lawsuit, and indeed the opposite is true. And there has been no showing that any applicant would provide necessary elements to a legal defense that would be neglected by existing parties. Rather, Applicants' arguments regarding adequacy of representation relate to litigation strategy, including speculation about the "vigor" of potential defenses and how the State and Federal Defendants may approach settlement. These arguments are insufficient to establish that Applicants' interests are inadequately represented by the State and Federal Defendants.

### B. <u>The Court Should Decline to Grant Permissive Intervention</u>.

If an applicant satisfies the requirements for permissive intervention, trial courts retain broad discretion to consider various other factors when deciding whether permissive intervention is appropriate. *Glickman*, 159 F.3d at 412. Here, however, Applicants have not established that they have a cause of action against Plaintiff or Defendants, or established an independent jurisdictional basis for any such claims.

Even assuming, *arguendo*, that the permissive intervention requirements have been satisfied, the Court should deny permissive intervention. As discussed, Applicants' interest is more than adequately represented by the State and Federal Defendants, and allowing nine additional intervenors could impair the efficient resolution of this case. *See Haw. Short-Term Rental All.*, 2022 WL 17585851, at *12 (citing *Perry*, 587 F.3d at 955–56).

//

//

//

//

//

//

//

## IV. CONCLUSION

Applicants have not satisfied the requirements for intervention under Rule 24(a) or (b), and the Court should exercise its discretion and deny any equitable request for permissive intervention. The Federal Defendants request that the Court deny Applicants' motions to intervene.

DATED: August 14, 2026, at Honolulu, Hawaii.

KENNETH M. SORENSON
United States Attorney
District of Hawaii

/s/ *Joseph M. McGinley*
By______________________________
JOSEPH M. MCGINLEY
Assistant U.S. Attorney

Attorneys for Defendants
DOUG BURGUM and the
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on this date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically via CM/ECF:

CAITLYN AMBER FELLNER, ESQ. Cfellner@pacificlegal.org
NOELLE DANIEL, ESQ. Ndaniel@pacificlegal.org
Pacific Legal Foundation
3100 Claredon Blvd., Suite 1000
Arlington, VA 22201
Tel: (202) 888-6881

CALEB R. TROTTER, ESQ. Ctrotter@pacificlegal.org
PRO HAC VICE
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Tel: (916) 419 7111

KEVIN G. O'GRADY, ESQ. Kevin@kevinogradylaw.com
Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, HI 96813
Tel: (808) 521 3367

Attorneys for Plaintiff
ERIC RYAN

EWAN C. RAYNER, ESQ. Rayner@hawaii.gov
KALIKO'ONALANI D. FERNANDES, ESQ. Kaliko.D.Fernandes@hawaii.gov
LAUREN K . CHUN, ESQ. Lauren.K.Chun@hawaii.gov
State of Hawaii
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Tel: (808) 586 1360

ANDREW Z. M. TEOH, ESQ. Andrew.Zm.Teoh@hawaii.gov
State of Hawaii
Department of the Attorney General
60 Country Club Road
Honolulu, HI 96817
Tel: (808) 281 1753

DONNA H. KALAMA, ESQ. Dkalama@kalamafarm.com
Kalama & Farm LLP
2700 South King St., Ste. 11187
Honolulu, HI 96828
Tel: (808) 475 2940

Attorneys for Defendant
KALI WATSON, in his official capacity

<u>Served via Mail:</u>

DE MONT KALAI MANAOLE
86-044 Hoaha St
Waianae, HI 96792
Tel: (808) 726 5753

REGINA NANI PETERSON
85-1441 Waianae Valley Rd.
Waianae, HI 96792
Tel: (808)691 0551

DANA NEWMAN
86-550 Hakalina Rd.
Waianae, HI 96792
Tel: (808) 312 9694

JULLIE AIKO MANAOLE
86-044 Hoaha St.
Waianae, HI 96792
Tel: (808) 726 6232
KIMBERLY HAUPU
86-660 Lualualei Homestead Rd.
Waianae, HI 96792
Tel: (808) 457 0042

LOAA KUMOKUHALII DEVEREUX PINE
86-512 Paheehee St.
Waianae, HI 96792
Tel: (808) 781 2313

GEORGINA NAVARRO
85-1473 Kapaekahi St.
Waianae, HI 96792
Tel: (808) 206 0679

KANANIOKAAINA CHARLEE GIDDENS
41-520 Waikupanaha St.
Waimanalo, HI 96795
Tel: (808) 853 8069

CARLENE PUAOKALANI MARIA
P.O. Box 75592
Kapolei, HI 96707
Tel: (808) 979 5125

WILMONT KAMAUNU KAHAIALII
P.O. Box 315
Kalaheo, HI 96741

JOYCLYNN M. COSTA
P.O. Box 315
Kalaheo, HI 96741

ROSLYN NICOLE MANAWAIAKEA
P.O. Box 315
Kalaheo, HI 96741

KANILOA L. KAMAUNU
P.O. Box 315
Kalaheo, HI 96741

LAAKEA I. KAMAKAWIWOOLE
P.O. Box 315
Kalaheo, HI 96741

JUSTIN PAUL KAPALIUWEOLA KEAHI
P.O. Box 315
Kalaheo, HI 96741

Applicants for Intervention
Pro Se

DATED: August 14, 2026, at Honolulu, Hawaii.

/s/ Joseph M. McGinley
______________________________
U. S. Attorney's office
District of Hawaii