KENNETH M. SORENSON
United States Attorney
District of Hawaii

JOSEPH M. MCGINLEY #11488
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: joseph.mcginley@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC RYAN,<br><br>Plaintiff,<br><br>vs.<br><br>KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. CV26-00270 SASP-KJM<br><br>DEFENDANTS DOUG BURGUM, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, AND THE UNITED STATES OF AMERICA'S ANSWER TO THE COMPLAINT [ECF No. 1]; CERTIFICATE OF SERVICE<br><br>No trial date. |

DEFENDANTS DOUG BURGUM, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, AND THE UNITED STATES OF AMERICA'S ANSWER TO THE COMPLAINT [ECF No. 1]

Defendant Doug Burgum, in his official capacity, and the United States of America (the "Federal Defendants"), by and through their undersigned attorneys, hereby submits their Answer to the Complaint [ECF No. 1].

## INTRODUCTION

1. Paragraph 1 contains conclusions of law that need no response, and to the extent a response is required, the allegations are denied.

2. Paragraph 2 contains characterizations of the Hawaiian Homes Commission Act ("HHCA"). The statute speaks for itself, and no further response is required. To the extent that Plaintiff alleges that the Federal Defendants have violated the HHCA, the allegations are denied.

3. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 3 and therefore deny them.

4. Paragraph 4 contains characterizations of the HHCA. The statute speaks for itself, and no additional response is required. To the extent a response is required, the allegations are denied.

5. Federal Defendants admit that changing the blood quantum threshold requires Congressional authorization. The remainder of paragraph 5 contains conclusions of law, to which no response is required, and to the extent a response is required, the allegations are denied.

6. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 6 and therefore deny them.

7. Paragraph 7 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required to the allegations that suggest Federal Defendants have violated federal law and/or the Constitution, the allegations are denied.

8. Paragraph 8 contains conclusions of law and characterizations of federal law, to which no response is required. To the extent a response is required to the allegations that suggest Federal Defendants have violated federal law and/or the Constitution, the allegations are denied.

**JURISDICTION AND VENUE**

9. Paragraph 9 contains conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

10. Paragraph 10 contains conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

11. Paragraph 11 contains conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

12. Paragraph 12 contains conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

//

## PARTIES

13. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore deny them.

14. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore deny them.

15. Federal Defendants admit that Doug Burgum is the Secretary of the United States Department of the Interior and that the Secretary administers some authority under the Hawaii Admission Act. The remainder of the paragraph contains conclusions of law, to which no response is required, and Federal Defendants deny any allegation that they have violated federal law or the Constitution.

16. Federal Defendants admit that the United States is a sovereign entity established by the Constitution. The remainder of paragraph 16 contains conclusions of law, to which no response is required. Federal Defendants deny any allegation that they have violated federal law or the Constitution.

## FACTUAL ALLEGATIONS

17. Paragraph 17 contains characterizations of the HHCA, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 17 and therefore deny them.

18. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 18 and therefore deny them.

19. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 19 and therefore deny them.

20. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 20 and therefore deny them.

21. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 21 and therefore deny them.

22. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 22 and therefore deny them.

23. Paragraph 23 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, the allegations are denied.

24. Admitted.

25. Paragraph 25 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, the allegations are denied.

26. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 26 and therefore deny them.

27. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 27 and therefore deny them.

28. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 28 and therefore deny them.

29. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 29 and therefore deny them.

30. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 30 and therefore deny them.

31. Paragraph 31 contains conclusions and characterizations of law, and recitations of statute, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

32. Paragraph 32 contains conclusions and characterizations of law, and recitations of statute, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

33. Admitted.

34. Paragraph 34 contains conclusions and characterizations of law, and recitations of statute, to which no response is required. To the extent a response is

required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

35. Paragraph 35 contains conclusions and characterizations of law, and recitations of statute, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

36. Paragraph 36 contains conclusions and characterizations of law, and recitations of statute, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

37. Paragraph 37 contains conclusions and characterizations of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

38. Paragraph 38 contains conclusions and characterizations of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

39. Paragraph 39 contains conclusions and characterizations of law, and recitations of a federal regulation, to which no response is required. To the extent a

response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

40. Paragraph 40 contains conclusions and characterizations of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

41. Paragraph 41 contains conclusions and characterizations of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law.

42. Paragraph 42 contains conclusions and characterizations of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

43. Paragraph 43 contains conclusions and characterizations of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

## CLASS ACTION ALLEGATIONS

44. Federal Defendants reincorporate their responses to paragraphs 1–43.

45. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 45 and therefore deny them.

46. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 46 and therefore deny them.

47. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 47 and therefore deny them.

48. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 48 and therefore deny them.

49. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 49 and therefore deny them.

50. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 50 and therefore deny them.

51. Federal Defendants lack sufficient knowledge or information admit or deny the allegations in paragraph 51 and therefore deny them.

## CLAIMS FOR RELIEF

### <u>First Cause of Action</u>

52. Federal Defendants reincorporate their responses to paragraph 1–51.

53. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 53 and therefore deny them.

54. Paragraph 54 contains conclusions of law and characterizations of the Fourteenth Amendment, to which no response is required. To the extent a response is required to the remaining allegations regarding DHHL leases, Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 54 and therefore deny them.

55. Paragraph 55 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

56. Paragraph 56 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

57. Paragraph 57 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

58. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 58 and therefore deny them.

59. Paragraph 59 contains conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 59 and therefore deny them.

60. Paragraph 60 contains conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants lack sufficient knowledge or information to admit or deny the broad conclusions in paragraph 60 and therefore deny them.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**Second Cause of Action**

67. Federal Defendants reincorporate their responses to paragraphs 1–66.

68. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 68 and therefore deny them.

69. Admitted.

70. Paragraph 70 contains conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

71. Paragraph 71 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

72. Paragraph 72 contains conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

73. Paragraph 73 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

74. Paragraph 74 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

75. Paragraph 75 contains conclusions of law and characterizations of the HHCA, to which no response is required. To the extent a response is required,

Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

76. Paragraph 76 contains conclusions of law and characterizations of federal regulations, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

77. Paragraph 77 contains conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

78. Paragraph 78 contains conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny any allegation that they have violated federal law and/or the Constitution.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 83 and therefore deny them.

84. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 84 and therefore deny them.

85. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 85 and therefore deny them.

86. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 86 and therefore deny them.

87. Denied.

## REQUEST FOR RELIEF

88. Federal Defendants deny that Plaintiff is entitled to any form or relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
*Failure to State a Claim*

The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
*Article III Standing*

Plaintiff lacks standing to bring some or all the claims asserted because he cannot establish an injury in fact that is concrete, particularized, and actual or imminent; a causal connection between the challenged conduct and the alleged injury; or that the requested relief would redress the alleged injury.

### Third Affirmative Defense
*Class Claims*

To the extent Plaintiff purports to represent a class, the putative class definition is impermissibly speculative and includes members who have not

suffered, and may never suffer, any cognizable injury, rendering the class claims non-justiciable and inappropriate for certification under Fed. R. Civ. P. 23.

**Fourth Affirmative Defense**
*Ripeness*

Some or all of Plaintiff's claims are not ripe for judicial review because, *inter alia*, the State has not requested that the eligibility requirements be modified, and any injury remains contingent on future events that may not occur.

**Fifth Affirmative Defense**
*Failure to Exhaust Administrative Remedies*

Plaintiff's APA claims are barred, in whole or in part, because Plaintiff failed to exhaust available administrative remedies prior to filing suit, as required by 5 U.S.C. § 704 and applicable agency regulations.

**Sixth Affirmative Defense**
*No Final Agency Action*

Plaintiff's APA claims fail because the challenged conduct does not constitute "final agency action" within the meaning of 5 U.S.C. § 704, and/or an adequate alternative remedy exists.

**Seventh Affirmative Defense**
*Sovereign Immunity*

To the extent Plaintiff seek relief beyond that authorized by the APA's limited waiver of sovereign immunity, 5 U.S.C. § 702, or any other applicable waiver, such claims are barred by sovereign immunity.

**Eighth Affirmative Defense**
*Statute of Limitations, Waiver, Estoppel, and Laches*

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and repose, waiver, estoppel, and laches.

**Ninth Affirmative Defense**
*No Waiver of Additional Defenses*

Federal Defendants affirmatively plead and rely upon all defenses and affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure or in the statutes under which Plaintiff has filed suit, that are or may hereafter become applicable to the claims made herein, and expressly reserves any and all other defenses, including affirmative defenses which may become apparent during the course of discovery.

//

//

//

//

//

//

//

//

//

Federal Defendants reserve the right to supplement this Answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and amend the Answer accordingly.

DATED: September 9, 2026, at Honolulu, Hawaii.

KENNETH M. SORENSON
United States Attorney
District of Hawaii

/s/ *Joseph M. McGinley*
By__________________________
JOSEPH M. MCGINLEY
Assistant U.S. Attorney

Attorneys for Defendants
DOUG BURGUM and the
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on this date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically via CM/ECF:

CAITLYN AMBER FELLNER, ESQ. Cfellner@pacificlegal.org
NOELLE DANIEL, ESQ. Ndaniel@pacificlegal.org
Pacific Legal Foundation
3100 Claredon Blvd., Suite 1000
Arlington, VA 22201
Tel: (202) 888-6881

CALEB R. TROTTER, ESQ. Ctrotter@pacificlegal.org
Pro Hac Vice
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Tel: (916) 419 7111

KEVIN G. O'GRADY, ESQ. Kevin@kevinogradylaw.com
Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, HI 96813
Tel: (808) 521 3367

Attorneys for Plaintiff
ERIC RYAN

KALIKO’ONALANI D. FERNANDES, ESQ. Kaliko.D.Fernandes@hawaii.gov
LAUREN K . CHUN, ESQ. Lauren.K.Chun@hawaii.gov
EWAN C. RAYNER, ESQ. Ewan.Rayner@hawaii.gov
ANDREW Z. M. TEOH, ESQ. Andrew.Zm.Teoh@hawaii.gov
DONNA KALAMA, ESQ. Dkalama@kalamafarm.com
State of Hawaii
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813

Attorneys for Defendant
KALI WATSON, in his official capacity

DATED: September 9, 2026, at Honolulu, Hawaii.

/s/ *Joseph M. McGinley*

____________________________

U. S. Attorney’s office
District of Hawaii