ANNE E. LOPEZ 7609
Attorney General of Hawaiʻi

KALIKOʻONĀLANI D. FERNANDES 9964
Solicitor General of Hawaiʻi
EWAN C. RAYNER 10222
LAUREN K. CHUN 10196
ANDREW Z.M. TEOH 12098
Deputy Solicitors General
Department of the Attorney
General, State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Tel: (808) 586-1360
E-mail: kaliko.d.fernandes@hawaii.gov
ewan.rayner@hawaii.gov
lauren.k.chun@hawaii.gov
andrew.zm.teoh@hawaii.gov

KALAMA & FARM LLP
A Limited Liability Law Partnership
Donna H. Kalama 6051
2700 South King Street #11187
Honolulu, Hawaiʻi 96828
Tel: (808) 475-2940
E-mail: dkalama@kalamafarm.com

Attorneys for KALI WATSON, in his official
capacity as Chairman of the Hawaiian Homes Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ERIC RYAN,<br><br>Plaintiff,<br><br>v.<br><br>*(continued on next page)* | CIVIL NO. 1:26-cv-00270-SASP-KJM |

| | |
|---|---|
| KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; and the UNITED STATES OF AMERICA,<br><br>Defendants. | **DEFENDANT KALI WATSON'S ANSWER TO CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 1]; CERTIFICATE OF SERVICE**<br><br>The Honorable Judge Shanlyn Park<br>Trial Date: None Set |

**DEFENDANT KALI WATSON'S**
**ANSWER TO CLASS ACTION COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF [DKT. 1]**

Defendant Kali Watson answers the Class Action Complaint for Declaratory and Injunctive Relief [Dkt. 1] filed on June 1, 2026 as follows:

1. In response to Paragraph 1, Defendant Watson admits that the State of Hawai‘i, through the Department of Hawaiian Home Lands ("DHHL"), administers the Hawaiian Homes Commission Act and determines eligibility in accordance with the law. The remaining allegations in Paragraph 1 state legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

2. In response to Paragraph 2 and the first sentence of footnote 1, which purport to describe the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith. The second sentence of footnote 1 states

Plaintiff's characterization of terminology in the Class Action Complaint, which requires no response.

3. In response to Paragraph 3, Defendant Watson lacks knowledge or information sufficient to form a belief about Plaintiff's eligibility, and on that basis, denies said allegations. Defendant Watson admits that thousands of Hawai‘i residents are not eligible under the Hawaiian Homes Commission Act.

4. To the extent Paragraph 4 is referring to the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith.

5. To the extent Paragraph 5 is referring to the Hawai‘i Admission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith. Otherwise, Paragraph 5 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

6. In response to the first and second sentences of Paragraph 6, Defendant Watson admits that the State of Hawai‘i, through the DHHL, administers the Hawaiian Homes Commission Act and determines eligibility in accordance with the law. Defendant Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of

Paragraph 6, and on that basis, denies said allegations. Defendant Watson denies the remaining allegations in Paragraph 6.

7. Paragraph 7 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

8. Paragraph 8 states legal conclusions and Plaintiff's characterization of this action, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

9. Defendant Watson admits that Plaintiff purports to bring this action under the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. The remaining allegations of Paragraph 9 state legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

10. Paragraph 10 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

11. Paragraph 11 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

12. Paragraph 12 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

13. Defendant Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and on that basis, denies said allegations.

14. In response to Paragraph 14, Defendant Watson admits that he is the Chairman of the Hawaiian Homes Commission, which administers the Hawaiian Homes Commission Act and determines eligibility in accordance with the law, and admits that he is sued in his official capacity. Defendant Watson asserts that the Hawaiian Homes Commission Act speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith.

15. Defendant Watson admits the allegations in the first and third sentences of Paragraph 15. In response to the second sentence of Paragraph 15, which purports to describe the Hawaiʻi Admission Act and the Hawaiian Homes Commission Act, Defendant Watson asserts that the authorities speak for themselves and denies Plaintiff's characterization to the extent inconsistent therewith.

16. Defendant Watson admits the allegations in the first sentence of Paragraph 16, and admits that the federal government enacted the Hawaiʻi Admission Act. In response to the second sentence of Paragraph 16, which purports to describe the Hawaiʻi Admission Act and the Hawaiian Homes Commission Act, Defendant Watson asserts that the authorities speak for

themselves and denies Plaintiff's characterization to the extent inconsistent therewith. The remaining allegations of Paragraph 16 state legal conclusions and Plaintiff's characterization of this action, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

17. Defendant Watson admits that the Hawaiian Homes Commission heads the DHHL, which administers the Hawaiian Homes Commission Act. In response to the remaining allegations in Paragraph 17, which purport to quote and describe the Hawaiian Homes Commission Act, a website, and the Hawai‘i Constitution, Defendant Watson asserts that the authorities speak for themselves and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

18. Defendant Watson admits the allegations in Paragraph 18.

19. Defendant Watson admits that there are more than 10,000 DHHL leases in force. Defendant Watson denies the remaining allegations in Paragraph 19.

20. Defendant Watson denies the allegations in the first sentence of Paragraph 20, and admits the allegations in the second sentence of Paragraph 20.

21. Defendant Watson admits that the Hawai‘i Legislature allocated approximately $600 million to DHHL in 2022 to reduce the waitlist. Defendant Watson denies the remaining allegations in Paragraph 21.

22. Defendant Watson admits the allegations in Paragraph 22.

23. Defendant Watson admits the allegations in the first sentence of Paragraph 23. In response to the remaining allegations in Paragraph 23, which purport to quote and describe the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

24. In response to Paragraph 24 and the first sentence of footnote 1, which purport to quote and describe the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith. The second sentence of footnote 1 states Plaintiff's characterization of terminology in the Class Action Complaint, which requires no response.

25. To the extent Paragraph 25 is referring to the definition of "native Hawaiian" in the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith. Otherwise, Paragraph 25 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

26. Defendant Watson admits that DHHL maintains a website with application information; otherwise, Defendant Watson denies the allegations in the

first sentence of Paragraph 26. In response to the remaining allegations in Paragraph 26, which purport to quote a website, Defendant Watson asserts that the website speaks for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

27. Defendant Watson admits the allegations in Paragraph 27, except he denies that applicants can apply online after completing a pre-qualification form. In response to footnote 5, which purports to quote and describe a website, Defendant Watson asserts that the website speaks for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

28. In response to Paragraph 28, which purports to quote and describe a website, Defendant Watson asserts that the website speaks for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

29. In response to Paragraph 29, which purports to quote and describe a website, Defendant Watson asserts that the website speaks for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

30. Defendant Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and on that basis, denies said allegations.

31. In response to Paragraph 31, which purports to describe and quote the Hawaiian Organic Act of 1900, Defendant Watson asserts that the authority speaks

for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

32. Defendant Watson admits that, in 1921, Congress enacted the Hawaiian Homes Commission Act. In response to the remaining allegations in Paragraph 32, which purport to describe the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith.

33. In response to Paragraph 33, which purports to quote the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's recitation to the extent inconsistent therewith.

34. In response to Paragraph 34, which purports to describe the Hawai‘i Admission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith.

35. In response to Paragraph 35, which purports to quote and describe the Hawai‘i Admission Act and the Hawaiian Homes Commission Act, Defendant Watson asserts that the authorities speak for themselves and denies Plaintiff's recitation and characterization to the extent inconsistent therewith. Insofar as Paragraph 35 states legal conclusions, they require no response, and to the extent a response is required, Defendant Watson denies said allegations.

36. Paragraph 36 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

37. Paragraph 37 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

38. In response to Paragraph 38, which purports to describe the Hawaiian Homes Commission Act and the Hawaiʻi Admission Act, Defendant Watson asserts that the authorities speak for themselves and denies Plaintiff's characterization to the extent inconsistent therewith.

39. In response to Paragraph 39, which purports to describe regulatory provisions, Defendant Watson asserts that the authorities speak for themselves and denies Plaintiff's characterization to the extent inconsistent therewith.

40. Paragraph 40 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

41. Paragraph 41 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

42. Paragraph 42 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

43. Paragraph 43 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

44. In response to Paragraph 44, Defendant Watson incorporates by reference the answers to all previous paragraphs as set forth herein.

45. Paragraph 45 states Plaintiff's characterization of this action, which requires no response.

46. Paragraph 46 states Plaintiff's characterization of the class he seeks to represent, which requires no response.

47. Defendant Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and on that basis, denies said allegations. Insofar as Paragraph 47 states legal conclusions, they require no response, and to the extent a response is required, Defendant Watson denies said allegations.

48. To the extent Paragraph 48 is referring to the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith. Otherwise, Paragraph 48 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

49. Paragraph 49 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

50. Paragraph 50 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

51. Paragraph 51 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

52. In response to Paragraph 52, Defendant Watson incorporates by reference the answers to all previous paragraphs as set forth herein.

53. Paragraph 53 states Plaintiff's characterization of this action, which requires no response.

54. In response to the first sentence of Paragraph 54, which purports to quote the U.S. Constitution, Defendant Watson asserts that the U.S. Constitution speaks for itself and denies Plaintiff's recitation to the extent inconsistent therewith. The final sentence of Paragraph 54 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

55. In response to Paragraph 55, which purports to quote and describe the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's recitation and characterization to the extent inconsistent therewith.

56. To the extent Paragraph 56 is referring to the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith. Otherwise,

Paragraph 56 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

57. To the extent Paragraph 57 is referring to the Hawaiian Homes Commission Act, Defendant Watson asserts that the authority speaks for itself and denies Plaintiff's characterization to the extent inconsistent therewith. Otherwise, Paragraph 57 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

58. Paragraph 58 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

59. Paragraph 59 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

60. Paragraph 60 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

61. Paragraph 61 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

62. Paragraph 62 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

63. Paragraph 63 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

64. Paragraph 64 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

65. Paragraph 65 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

66. Paragraph 66 states legal conclusions, which require no response. To the extent a response is required, Defendant Watson denies said allegations.

67. Paragraphs 67 to 87 assert a claim solely against Secretary Burgum and the United States of America and therefore do not require a response from Defendant Watson.

68. Defendant Watson hereby denies all allegations not expressly admitted herein to which a response is deemed required.

**AFFIRMATIVE DEFENSES**

1. The Court lacks subject-matter jurisdiction over this action.

2. Plaintiff lacks standing.

3. Plaintiff's claims are unripe for judicial review.

4. Plaintiff cannot satisfy the requirements for class certification under Federal Rule of Civil Procedure 23(a) or 23(b)(2).

5. Plaintiff fails to state a claim upon which relief can be granted.

6. Plaintiff fails to allege any basis upon which injunctive or declaratory relief would be available.

7. Under the Eleventh Amendment to the Constitution of the United States and principles of state sovereign immunity, Defendant Watson is immune from suit in federal court on Plaintiff's claims.

8. Plaintiff's claims are barred by the statute of limitations, estoppel, and/or laches.

9. The State reserves all rights to assert any affirmative defenses or to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend the Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

WHEREFORE, Defendant Watson respectfully requests as follows:

1. That the Court enter judgment in favor of Defendant Watson;
2. That Defendant Watson be awarded costs incurred in defending this action; and
3. That the Court grant all further relief in law and equity to which Defendant Watson is entitled.

DATED: Honolulu, Hawai‘i, September 9, 2026.

/s/ *Ewan C. Rayner*

KALIKOʻONĀLANI D. FERNANDES
EWAN C. RAYNER
LAUREN K. CHUN
ANDREW Z.M. TEOH
DONNA H. KALAMA

Attorneys for KALI WATSON, in his official capacity as Chairman of the Hawaiian Homes Commission